IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 05-0418(JR) |
| | ) | |
| GREGORY HURT, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT GREGORY HURT'S MOTION TO CONTINUE TRIAL DATE

Defendant, Gregory Hurt, through counsel, respectfully submits this motion to continue the trial in this matter and convert the present trial date of March 27, 2006 to a status conference. In support of this motion, Mr. Hurt respectfully submits as follows:

1. Mr. Hurt is charged by Indictment with one count of Theft of Government Property (18 U.S.C. § 641) and one count of First Degree Theft (D.C. Code §§ 22-3211 & 3212(a)). The charges relate to a benefits check the Department of Veterans Affairs ("VA") issued to Mr. Hurt, a veteran, for approximately $100,000.

2. On February 7, 2006, the Court set down a trial date of March 27-29, 2006.

3. On March 3, 2006, the Government file a Motion *In Limine* To Exclude Evidence Of Defendant's Post-Traumatic Stress Disorder, Other Claims For Benefits And Failure Of The Department Of Veteran's Affairs To Follow Protocol In The Issuance Of A Replacement Award ("the Government's Motion").

4. The evidentiary rulings requested by the Government's Motion would severely—and, the defense submits, unfairly—limit the kinds of evidence Mr. Hurt could present in his own defense. In order to respond to the Motion and prepare adequately for the trial in this

matter, the defense needs to obtain access to Mr. Hurt's complete personnel file from the VA, and also to consult with a mental health professional on the issues relating to Post-Traumatic Stress Disorder ("PTSD"). Although defense counsel has been working diligently to accomplish those tasks, defense counsel does not believe that he can obtain all of the relevant materials and get up to speed on the mental health issues involved in this case in time for the March 27-28 trial date.

4. Defense counsel is accordingly requesting a continuance of the trial until sometime in the last two weeks of May, or else anytime after June 12, 2006.

5. Defense counsel contacted Assistant United States' Attorney Jeannie Rhee regarding the above requests. The Government objects to a continuance because it believes Mr. Hurt's PTSD and, relatedly, the materials in Mr. Hurt's VA personnel file are irrelevant to the trial of this matter. *See* Government's Motion.

WHEREFORE, Defendant respectfully requests that this Court continue the trial in this matter until sometime between May 15-May 26, 2006, or anytime after June 12, 2006. Defendant also respectfully requests that the March 27 trial date be converted to a status conference.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender


_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500