IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 05-418 (JR) |
| GREGORY HURT, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THE MOTION OF THE UNITED STATES
TO ADMIT EVIDENCE OF THE DEFENDANT'S DRUG USE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Memorandum of Points and Authorities to Admit Evidence of the Defendant's Drug Use. As demonstrated further below, pursuant to Rule 404(b) of the Federal Rules of Evidence, the defendant's heroin use is relevant evidence to prove the defendant's motive to obtain by false pretenses $99,999.10 from the Department of Veterans Affairs ("VA") and to hide those funds after the VA informed the defendant that he was not entitled to keep them.[1]

---

[1] Trial in this case is scheduled to begin on July 13, 2006. For the Court's information, the Government recently offered a misdemeanor plea to the defendant. The defendant's counsel, however, informed the Government on June 1, 2006 that the defendant had no interest in the misdemeanor plea offer.

**FACTS**

On July 24, 2003, the defendant, Gregory Hurt, walked into the regional office of the VA in Washington, D.C. and falsely told two VA employees that he had not received a check in the amount of $99,999.10 owed to him by the VA. Taking the defendant at his word, and seeing no evidence that he had already negotiated a check from the VA in the amount of $99,999.10, the VA re-issued the defendant a check for $99,999.10 on July 28, 2003. On July 31, 2003, the defendant deposited the check at his bank account at Andrews Federal Credit Union.

Shortly thereafter, however, the VA realized that the defendant had falsely stated that he had not received the original check in the amount of $99,999.10. On August 5, 2003, the VA sent to the defendant via Federal Express a letter informing him of its error in issuing the replacement check for $99,999.10 based on the defendant's false statement and demanding that the defendant return the payment erroneously made to him. An individual by the name of "L. Hurt" signed for the Federal Express letter at the defendant's residence on August 6, 2003.

But the defendant did not return the payment. Instead, on August 14, 2003, the defendant took almost all of the money out his bank account at Andrews Federal Credit Union and moved his funds into a new account at SunTrust Bank. The defendant never returned the $99,999.10.

The defendant has admitted to a history of drug use extending over three decades. In written statements provided by the defendant to the VA in support of his claims for additional benefits, the defendant has admitted to drug use dating back to the 1970s.[2] The drug use has also manifested itself in prior felony criminal convictions of the defendant related to illegal drug

---

[2] The defendant made those statements to the VA in support of claims for additional benefits, and the VA maintained those written statements in the defendant's claims file. The statements the Government relies upon for purposes of this Motion do not include statements, if any, given by the defendant to physicians or mental health professionals.

possession and/or distribution. Throughout that same time period, the defendant has admitted that he has been unable to maintain employment and is dependent upon the disability benefits he received from the VA. The combination of the defendant's drug use and no visible means of supporting that use provided the defendant with a motive to obtain monies from the VA under false pretenses and to hide that money after the VA became aware of its error. The Government, therefore, seeks to introduce evidence of the defendant's drug use in its case-in-chief as evidence of motive under Rule 404(b) of the Federal Rules of Evidence.[3]

## ARGUMENT

Evidence of the defendant's drug use is relevant to establish his motive to steal the money from the VA. *See United States v. Bitterman*, 320 F.3d 723, 727 (7th Cir. 2003) (evidence of defendant's heroin use over a five and a half year period relevant to establish his motive to commit the robbery, such as "to finance his serious drug habit of some five years"); *United States v. Brooks*, 125 F.3d 484, 496 (7th Cir. 1997) (evidence of cocaine use relevant to prove motive to commit bank robbery); *United States v. Miranda*, 986 F.2d 1283 (9th Cir. 1993) (evidence of defendant's $20-$30 daily heroin addiction admitted to establish motive); *United States v. Kadouh*, 768 F.2d 20, 21 (1st Cir. 1985) (defendant's cocaine use admitted under Rule 404(b) to prove motive to traffic in heroin); *United States v. Cartagena-Merced*, 986 F. Supp. 698, 704 (D.P.R. 1997) (narcotics offense admissible in bank robbery trial under Rule 404(b) as evidence of motive); *Dancy v. United States*, 745 A.2d 259, 272 (D.C. 2000) (reference to defendant's prior drug dealings admissible to show defendant's motive to commit the crime).

Public records demonstrate that the defendant has been convicted for 3 drug-related

---

[3] As required by Rule 404(b), the Government recently gave written notice to the defendant's counsel of the Government's intent to introduce evidence of the defendant's drug use as evidence of motive in its case-in-chief.

offenses. The defendant pleaded guilty to distribution of heroin in the District of Columbia on May 29, 2001. In October 2000, the defendant pleaded guilty in Circuit Court in Rockville, Maryland to unlawful possession of a controlled substance. Further, he was convicted in the District of Columbia for unlawful possession of heroin on March 17, 1997. The government would introduce evidence of those convictions of drug use through certified court records and a summary witness.

The claims submitted by the defendant to the VA for additional benefits also evidences the defendant's drug use over the past 30 years. In June 1981, for example, the defendant submitted a statement in support of a claim for benefits stating, among other things, that he had been unable to find a job and became involved with drugs after he left the service in 1970. In January 1995, the defendant submitted a statement in support of a claim stating, among other things, that his post-service years had been marked by an inability to hold down a job and drug abuse. In August 1995, the defendant submitted a statement in support of a claim for benefits stating, in part, that he used drugs during his military service.

Public records also demonstrate that the defendant is dependent upon his VA benefits for his income. In particular, the defendant's correspondence with the VA regarding his claims for additional benefits demonstrate that he has been unemployed for several years. The Government would introduce this evidence from the defendant's claims file at the VA and through a summary witness.

The relevance of this evidence is not substantially outweighed by the danger of any unfair prejudice. To minimize the potential for any undue prejudice from the evidence of defendant's drug use, the Court may give a limiting instruction informing the jury that the defendant is not on trial for drug use and that the evidence of his drug use should be used only to consider the

defendant's potential motive to commit the alleged theft. *See, e.g.*, *Bitterman*, 320 F.2d at 727 (limiting instruction provided regarding defendant's heroin use); *Kadouh*, 768 F.2d at 22 (limiting instruction provided regarding defendant's cocaine use).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court grant the Motion of the United States to Admit Evidence of the Defendant's Drug Use and enter the attached proposed Order.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        ATTORNEY OF THE UNITED STATES
        IN AND FOR THE DISTRICT OF COLUMBIA

BY: _____
        Michael K. Atkinson
        Assistant United States Attorney
        United States Attorney's Office
        Fraud & Public Corruption Section
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 616-3702
        (202) 307-2304 (fax)

DATED: June 7, 2006