IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 05-0418(JR) |
| | ) | |
| GREGORY HURT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GREGORY HURT'S OPPOSITION TO GOVERNMENT'S
MOTION TO ADMIT EVIDENCE OF DEFENDANT'S DRUG USE**

Defendant, Gregory Hurt, through counsel, respectfully submits this Opposition to the Motion of the United States to Admit Evidence of the Defendant's Drug Use. The government's motion is untimely, incorrect under the law, and appears to be based on a government violation of statutory provisions specifically designed to protect the confidentiality of information supplied by veterans to the Department of Veterans Administration ("VA"). The government's motion should be denied.

In support of this motion, Mr. Hurt respectfully submits as follows:

**BACKGROUND**

Defendant is charged by Indictment with one count of Theft of Government Property (18 U.S.C. § 641) and one count of First Degree Theft (D.C. Code §§ 22-3211 & 3212(a)). The charges relate to a check the VA issued to defendant, a veteran, for approximately $100,000. The government contends that defendant asked for a "replacement check" for a check he had obviously already received and deposited for his Post-Traumatic Stress Disorder ("PTSD") suffered during the Vietnam War.

Trial in this matter is set for June 14, 20006, at 9:30 a.m.  On May 22, 2006, the Court conducted the final status conference prior to trial.  At the hearing, the Court denied all pending motions in limine.  At the conclusion of the hearing, the Court asked the parties whether there were any further matters for the Court to resolve prior to trial.  Both parties responded "no."

On June 7, 2006, the Government filed a Motion to Admit Evidence of Defendant's Drug Use.  The Motion seeks the admission of at least three different kinds of evidence:  (1) admissions to the VA of defendant's drug use; (2) defendant's prior drug-related convictions; (3) "admissions" by defendant that he has been "unable to maintain employment and is dependent upon the disability benefits he received from the VA."  Motion at 1-2.

## DISCUSSION

### I. The Government's Motion Is Untimely And Does Not Provide The Court or Defendant With Proper Notice of The Evidence It Seeks To Admit.

As an initial matter, the government's Motion is seriously untimely.  Discovery letters were exchanged in this matter and discovery purportedly completed long ago.  The Court conducted a hearing on motions in limine and the parties represented that there were no additional matters to resolve.  And yet, the government comes now and informs the Court and defendant, less than a week before trial, that it intends on using a number of defendant's statements to the VA–**given over a period of 30 years**–as 404(b) evidence.  This does not remotely comply with the government's obligation to provide defendant with "reasonable notice [of proposed 404(b) evidence] in advance of trial."  Fed. R. Evid. 404(b).

Furthermore, even though the proposed 404(b) evidence consists in large part of defendant's statements, defendant has had no notice until now such that he could prepare a

motion to suppress the statements. As set forth below, there is a very real probability that the government has acted improperly and in violation of defendant's statutory rights in obtaining defendant's statements to the VA about his drug use. A basis for suppression–and possibly other relief–exists, and defendant should be allowed to pursue a motion to suppress should the Court consider granting the government's Motion  See infra at 5-8.

In addition, the government's pleading is seriously deficient in providing the Court and defendant with a roadmap of the evidence it seeks to introduce. The Motion refers generally to several statements made by defendant to the VA over a period of 30 years, but does not quote the precise statements and does not even attach the documents the government intends on relying upon to prove up defendant's supposed admissions. In terms of statements by defendant that he has been unemployed for several years, all the government tells the Court and defendant is that "the Government would introduce this evidence from defendant's claims file at the VA and through a summary witness." Motion at 4. Such meaningless "notice" is not notice at all, and does not provide the Court or defendant with a context for which the admission of these statements can even be litigated.

    **II.    Evidence of Defendant's Dependency On VA Benefits Should Be Excluded Under Federal Rules of Evidence 404(b) and 403.**

The defense submits that proof of Mr. Hurt's dependency on VA benefits is irrelevant to prove motive. Put simply, just because a veteran is dependant on the compensation the VA owes to him based on his PTSD from his service in the Vietnam War, does not mean that he is a thief. It is also notable that at the time defendant is alleged to have defrauded the VA (July 2003), he had approximately $70,000 in his bank account from his retroactive PTSD award that defendant

received in January and February 2003. The government's suggestion that defendant was compelled to steal more money from the VA over and above his benefits in order to feed his drug habit is therefore very dubious a factual matter.

Under Rule 403 of the Federal Rules of Evidence, when the probative value of proposed evidence is significantly outweighed by the prejudicial effect of the evidence, admission of such evidence is improper. Here, a significant risk exists that defendant will be unfairly prejudiced by the evidence that he relies on the VA for his support. The jury will be unable, without significantly broadening the scope of the trial, to fully grasp the complexities of defendant's psychological history. To suggest that defendant maneuvered himself because of his drug use and his lack of employment so as to unjustly receive compensation, without providing the jury with a detailed description of defendant's legitimate and recognized disability, and the service-related causes of that disability, would improperly influence the jury without providing any serious evidence of motive.

### III.    Evidence of Mr. Hurt's Prior Convictions Should Be Excluded.

In the its Motion, the government proposes admission of defendant's prior drug-related convictions. As noted above, the government's motion is untimely. Also, the convictions are irrelevant: this is a fraud case, not a drug case, and simply because defendant has suffered from a drug problem does not mean he is a thief. Moreover, the proffered convictions are six and nine years old, much older than the dates during which defendant is alleged to have committed fraud.

This jurisdiction has long recognized that the introduction of prior criminal acts is inherently prejudicial. See United States v. Foskey, 636 F.2d 517, 523 (D.C. Cir. 1980); see also United States v. Jackson, 824 F.2d 21, 25(D.C. Cir. 1987); see also (quoting Foskey for the

proposition that the "danger that defendants will be convicted because they have previously committed a serious criminal offense rather than because ... they are guilty of the offense for which they are being tried ... exists whenever a jury is advised of the fact of a prior conviction"). The authorities relied on by the government, such as Dancy v. United States, 745 A.2d 259, 272 (D.C. 2000), do not establish a rule that drug use is relevant to establish motive in a case such as this one. In Dancy, the court allowed testimony of prior drug dealings between a murder suspect and the victim, but did so because the evidence established a motive to kill *and* proved knowledge on the part of the murder suspect that the victim kept drug money hidden in a safe within the victim's house. Id. at 271. The Dancy court deferred to the discretion of the trial court to balance the probative value and prejudicial effect of the evidence. Id. at 272.

### IV.     The Court Should Exclude Defendant's Statements to the VA.

The government's Motion proposes the introduction of statements made by defendant to the VA. Under Rule 501 of the Federal Rules of Evidence, introduction of such statements would violate a confidential relationship. See Jaffe v. Redmond, 518 U.S. 1 (1996).

Moreover, there is a serious possibility that the government has violated defendant's statutory rights in even obtaining his statements concerning his drug use. Congress, concerned with unwarranted intrusion into the citizens' privacy, particularly important in the area of Vietnam veterans, passed several statutory protections against the distribution of confidential information. Generally, 5 U.S.C. § 552a forbids the disclosure of any government record, without prior written consent of the individual to whom the record pertains. See 5 U.S.C. § 552a(b). The exceptions listed in § 552a(b) include a provision allowing disclosure to any governmental jurisdiction for law enforcement purposes; however, the disclosure is only

authorized where (1) the activity is authorized by law, and (2) the head of the agency has made a written request.

In Doe v. Stephens, 851 F.2d 1457 (D.C. Cir. 1988), the D.C. Circuit squarely addressed the issue of whether 5 U.S.C. § 552a permitted disclosure of Veterans Administration data. In Doe, the defendant was under investigation for fraudulently collecting unemployment benefits. Id. at 1459. The government was denied the defendant's medical records, and the D.C. Circuit granted declaratory relief to the defendant preventing the government from obtaining such records through the grand jury process. Id. at 1459, 1467. In denying the government the requested information, the court held that Veterans Administration records should only be disclosed "if they come within a legitimate exception to" § 552a. Id. at 1467. The court found it "inconceivable" that Congress would allow the protections to be regularly circumvented absent a use defined in 552a. Id. Moreover, the Doe court found that disclosure of such information through the grand jury process violates § 552a. See id. at 1466 ("[the caselaw] clearly establishes Doe's right not to have the highly personal information and thoughts he has shared with his VA physicians released by the VA in response to a grand jury subpoena"). Because the government's conduct in the instant case falls within the prohibited conduct described in 5 U.S.C. § 552a, as defined in Doe v. Stephens, defendant asks this Court to prevent the government from using such evidence at trial and requests that the government relinquish control of any such documents now in its possession.

In addition, Congress, in the specific context of evidence of drug and alcohol abuse by veterans, specifically crafted another statute to restrict the dissemination of information in the possession of the government. Title 38, U.S.C., section 7332 requires that such information, if in possession of the VA, be disclosed "only for the purposes and under the circumstances expressly

authorized" in the statute.  See 38 U.S.C. § 7332(a)(1).  Section 7332(a)(1) is inclusive in the information restricted:  included are restrictions on "identity, diagnosis, prognosis, or treatment...(in) any program or activity."  Id.  Even where such authorization is made by a court of competent jurisdiction, the release of such information should occur only upon showing of good cause.  See 38 U.S.C. § 7332(b)(2)(D).  According to the language of the statute, good cause is shown only when the public interest in releasing such information outweighs the injury to the patient, the injury to the patient-physician relationship, and the treatment services.  See id.

Here, it is clear that defendant never authorized the disclosure of the records that contain his statements.  See 5 U.S.C. § 552a(b)(7).  Furthermore, defendant is unaware of any written request for materials made to the VA in this case by the United States Attorney, as required under the Privacy Act.  Defendant was never even under investigation for his alleged drug use in this case.  Because the records obtained here deal with defendant's alleged statements about drug use, the disclosure of those documents should have occurred only where there was a legitimate law enforcement purpose to investigate drug crimes.[1]

Moreover, even had the government complied with the requirements of 5 U.S.C. §552a(b)(7),there is no indication that the government satisfied the requirements of 38 U.S.C. § 7332.  First, there is no indication that the government has even attempted to comply with the statute's requirement of a judicial order.  See id., § 7332(b)(2).  Furthermore, even if the government had sought the requisite order (which does not appear to be the case), it is more likely than not that a court would have denied the government's request.  In balancing the benefit and

---

[1] The defense is unaware of precautions taken by the government to refrain from obtaining confidential materials from the VA, although it is possible that such precautions were taken without knowledge of the defense.

harm in the instant case, the benefit to the United States Attorney's Office is clearly outweighed by the complete destruction of the client-counselor relationship that defendant relies on with the VA, the shame and embarrassment of displaying defendant's drug use to the jury and the general public, and the deleterious effect on defendant's future willingness to seek treatment through the VA.  Congress intended to keep Veterans Administration records private except in "the circumstances expressly authorized" and extending these circumstances to permit the United States Attorney to create an attenuated link between the crime charged and defendant's confidential statements regarding drug use would be inconsistent with Congressional intent.

## CONCLUSION

WHEREFORE, defendant respectfully requests that this Court deny the United States' motion to admit evidence of drug use.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender


_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202) 208-7500