IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 05-418 (JR) |
| GREGORY HURT, | ) ) ) | |
| Defendant. | ) ) ) | |

**REPLY OF THE UNITED STATES IN SUPPORT OF ITS
MOTION TO ADMIT EVIDENCE OF THE DEFENDANT'S DRUG USE**

Contrary to the defendant's Opposition to the Government's Motion to Admit Evidence of Defendant's Drug Use ("Opp'n"), the Government's Motion was timely, correct under the law and not a a violation of any confidentiality provisions governing the defendant's records at the Department of Veterans Affairs ("VA"). The Motion should be granted.

**DISCUSSION**

**I.      The Government's Motion was timely and provided reasonable notice.**

Rule 404(b) provides that the prosecution in a criminal case "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown." Here, the Government provided its Rule 404(b) notice to the Defendant seven days before trial. Contrary to the defendant's unsupported contention, *see* Opp'n at 2, such notice was timely. *See United States v. Valenti*, 60 F.3d 941, 945 (2d Cir. 1995) (four days reasonable

notice); *United States v. Dussault*, No. 93-5764, 1994 WL 249472, at *1 (4th Cir. June 9, 1994) (eight days reasonable notice).[1]

Contrary also to the defendant's unsupported contention, the Government had no obligation to provide "a roadmap of the evidence it seeks to introduce." *See* Opp'n at 3. Instead, Rule 404(b) required the Government to provide "reasonable notice" of the "general nature of any such evidence [that the Government] intends to introduce at trial." The Advisory Committee considered and rejected the "roadmap" requirement suggested by the defendant when it amended Rule 404(b) to establish the pretrial notice requirement. As the Advisory Committee noted: "[N]o specific form of notice is required . . . . Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defendant of the general nature of the evidence of extrinsic acts." Fed. R. Evid. 404(b) (Advisory Committee Notes, 1991 Amendments). Moreover, courts have routinely denied requests by defendants for greater particularity in Rule 404(b) notices. *See United States v. Watt*, 911 F. Supp. 538, 556-57 (D.D.C. 1995).

Here, the Government identified the specific statements by and prior drug-related convictions of the defendant. Although the Government did not attach the specific statements to its notice or Motion, it has previously provided those statements to the defendant's counsel.

---

[1] The Government decided to seek to introduce evidence of the defendant's drug use following the Court's decision on May 22, 2006 to deny all motions in limine, including the Government's Motion to exclude evidence of the defendant's post-traumatic stress disorder ("PTSD"). The Government remains concerned that evidence of the defendant's PTSD is irrelevant, will confuse the jury and is unduly prejudicial to the Government. Nevertheless, given the Court's ruling, and the apparent inevitability of the jury learning about the defendant's PTSD, the Government considered evidence of motive highly relevant to its case and, thus, provided its Rule 404(b) notice.

Such particularity goes well beyond a description of the "general nature" of the wrong required by Rule 404(b).[2]

## II. Evidence of the defendant's lack of financial means to support drug use is relevant evidence of motive.

Contrary to defendant's opposition, *see* Opp'n at 3, the Government does not seek to prove motive simply through the defendant's financial dependence on government benefits. Instead, as demonstrated in its Motion, the Government seeks to establish evidence of motive through a combination of the defendant's drug use and no visible financial means for the defendant to support such drug use. *See* Memorandum of Points and Authorities in Support of Motion to Admit Evidence of the Defendant's Drug Use at 3-4 (citing cases).

The relevance of such evidence is not substantially outweighed by the danger of unfair prejudice. The only prejudice identified by the defendant is one that he created. That is, the defendant complains that evidence of his drug use and inability to pay for such use would be unduly prejudicial "without providing the jury with a detailed description of defendant's legitimate and recognized disability." *See* Opp'n at 4. But it is the defendant who opted not to provide the jury with any details about his PTSD. Such evidence of his disability may properly be submitted to the jury only (1) after written notice to the Government and (2) through expert testimony. *See* Fed. R. Crim. P. 12.2(b). The defendant has not elected to submit evidence of any purported mental defect to the jury. The Government, therefore, should not be denied the

---

[2] Although the defendant complains about the purported vagaries of the Government's Rule 404(b) notice, he does not dispute his prior statements, his prior drug-related convictions, or his history of drug use with no visible financial means to support such drug use.

admission of highly relevant evidence simply because the defendant elected a trial strategy that did not make his PTSD an issue for the jury.

**III.    The defendant's prior drug-related convictions are proper Rule 404(b) evidence.**

The fact that prior convictions are inherently prejudicial, *see* Opp'n at 4, does not make them inadmissible.  Rule 404(b) specifically allows evidence of "other crimes," as does Federal Rule of Evidence 609(a).  Further, as demonstrated in the Motion, other courts allow *allegations* of drug use and *charges* of drug use to be admitted under Rule 404(b) as evidence of motive.  *See* Memorandum of Points and Authorities in Support of Motion to Admit Evidence of the Defendant's Drug Use at 3-4 (citing cases).  A conviction for drug use (particularly the two by the defendant in which he pleaded guilty to drug possession and distribution) is even less prejudicial than mere allegations of drug use since there is a judicial determination of actual drug use.  In addition, the defendant has failed to demonstrate that a limiting instruction, such as those routinely given for prior convictions, would not mitigate any such prejudice.

**IV.    The VA properly provided the defendant's claims file to the Government.**

Contrary to defendant's contention, *see* Opp'n at 5-8, the VA did not violate any statute, regulation or privilege in providing the defendant's claims file to the Government.  The VA separately maintains two types of files: (1) a claims file, *i.e.*, documents submitted by the defendant to the VA or received by the defendant from the VA in support of the defendant's claim for benefits; and (2) a medical file, *i.e.*, documents related to medical and mental health professionals.  Although the VA has provided the defendant's claims file to the Government, it

has not provided the defendant's medical file (and the Government has not requested that medical file).[3]

In support of his argument, the defendant refers to a statute that covers his medical file. *See* Opp'n at 7 (citing 38 U.S.C. § 7332(a)(1)). That statute, however, does not govern the disclosure of the defendant's claims file. For example, the defendant's selective quotation from the statute governing medical files, *see* Opp'n at 7, omits the controlling language:

> Records of the identity, diagnosis, prognosis, or treatment of any patient or subject which are maintained in connection with the performance of any program or activity (including education, training, treatment, rehabilitation, or research) *relating to drug abuse*, alcoholism or alcohol abuse . . . carried out by or for the Department . . . may be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b).

38 U.S.C. § 7332(a)(1). The defendant's claims file, of course, was not "maintained in connection with the performance of any program or activity . . . relating to drug abuse."

Defendant's reliance upon the Privacy Act is also misplaced. The Privacy Act permits disclosure of information "for a routine use," 5 U.S.C. § 552a(b)(3), which it defines as "the use of such record for a purpose which is compatible with the purpose for which it was collected." 5 U.S.C. § 552a(a)(7). The Act requires that an agency publish in the Federal Register, at least annually, a notice of the existence and character of "each routine use of the records contained in the system, including the categories of users and the purpose of such use." 5 U.S.C. §

---

[3] As defendant's counsel was well aware (because he had a copy of the defendant's claims file), the defendant's claims file included excerpts from his medical file. Defendant's counsel was also aware from the claims file that several years ago the defendant specifically authorized the VA, in writing, to transfer portions of his medical file to his claims file. In any event, the documents the Government seeks to introduce in support of its Rule 404(b) Motion are those submitted by the defendant solely for purposes of obtaining benefits (and not any communications between the defendant and physicians or mental health professionals).

552a(e)(4)(D). The VA has a routine use provision, called "Routine Use 3," which allowed it to disclose "any information" in the system (except for, among other things, medical files covered by 38 U.S.C. § 7332) "relevant to a suspected . . . violation of law . . . to a Federal . . . agency charged with the responsibility of investigating or prosecuting such violation." 69 Fed. Reg. 18428 (Apr. 7, 2004).

As a result, the defendant's reliance on *Doe v. Stephens*, 851 F.2d 1457 (D.C. Cir. 1988), *see* Opp'n at 6, is inapposite. In *Doe*, a prior determination had concluded that the Government's unilateral issuance of a grand jury subpoena to the VA for medical records was not a "routine use" because the VA had not suspected any wrong-doing by the veteran. *See Doe v. DiGenova*, 779 F.2d 74, 86 (D.C. Cir. 1985) ("It is clear from the language of the [routine use] provision that this routine use deals with referral of records to law enforcement officials only when the records themselves indicate a violation of law. In this case, by contrast, the disclosure was in no way related to the VA's suspicion that the records indicated a violation of law."). Unlike the situation in *Doe*, therefore, the VA's suspicion that the defendant fraudulently obtained approximately $100,000 in benefits from the VA permitted the VA to disclose the defendant's claims file to the Government as a "routine use" of such records.

In addition to abiding by the Privacy Act, the VA acted properly under the statute governing the confidentiality of the defendant's claims file. This statute provides, in pertinent part, as follows:

> All files, records, reports and other papers and documents pertaining to any claim under any of the laws administered by the Secretary and the names and addresses of present or former members of the Armed Forces, and their dependents, in the possession of the Department shall be confidential and privileged,

and no disclosure thereof shall be made except as provided in this section.

38 U.S.C. § 5701(a).  Although confidential and privileged, the statute allowed the VA to disclose the defendant's claims file to the Government "[w]hen required by any department or other agency of the United States Government." 38 U.S.C. § 5701(b)(4).  The VA's regulations, moreover, permitted the VA to disclose those records to the Government upon an oral request: "All records or documents required for official purposes by any department or other agency of the U.S. Government . . . shall be furnished in response to an official request, written or oral, from such department or agency." 38 C.F.R. § 1.506(a) (2005).

## CONCLUSION

For the foregoing reasons, as well as those stated in its Memorandum of Points and Authorities in Support of Its Motion to Admit Evidence of Defendant's Drug Use, the Government requests that the Court grant the Motion.

Respectfully submitted,

KENNETH L. WAINSTEIN
ATTORNEY OF THE UNITED STATES
IN AND FOR THE DISTRICT OF COLUMBIA


BY: _____
Michael K. Atkinson
Assistant United States Attorney
United States Attorney's Office
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-3702
DATED: June 12, 2006            (202) 307-2304 (fax)