IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>GREGORY HURT,          )<br>)<br>Defendant.       )<br>) | Crim. No. 05-0418(JR) |

**DEFENDANT GREGORY HURT'S MOTION
TO EXCLUDE SUMMARY WITNESS TESTIMONY**

Defendant, Gregory Hurt, through counsel, respectfully submits this motion to exclude the government's summary witness. The facts and circumstances of this case do not support the use of a summary witness. The government's intended summary witness should therefore be excluded.

In support of this motion, Mr. Hurt respectfully submits as follows:

1. Mr. Hurt is charged by Indictment with one count of Theft of Government Property (18 U.S.C. § 641) and one count of First Degree Theft (D.C. Code §§ 22-3211 & 3212(a)). The charges relate to a benefits check the Department of Veterans Affairs ("VA") issued to Mr. Hurt, a veteran, for approximately $100,000.

2. The Government has informed the defense that it intends on using a summary witness at trial. Based on the government's representations, the witness will testify about, <u>inter alia</u>, various banking transactions allegedly engaged in by defendant. Insofar as the witness's testimony is strictly limited to the banking transactions, the defense does not object, as the banking records are self-authenticating and properly admissible under Rule 902. Insofar as the

witness's testimony will extend to other matters and be based on hearsay, however, the defense objects.

3.  The use of a summary witness may be proper in very rare situations only. See United States v. Kayode, 254 F.3d 204, 212 (D.D.C. 2001) (recognizing as error the admission of evidence from a summary witness having no personal knowledge). This case, which is a relatively straightforward one that should be tried in fewer than three days, does not present one of those situations. Cf. United States v. Ray, 370 F.3d 1039, 1046 (10th Cir. 2004) ("In complex tax cases, we have allowed the government to admit summary testimony so long as the district court gives appropriate limiting instructions"). As courts have recognized, hearsay is no less problematic "merely because it is provided by a government agent in the form of an overview of the evidence." United States v. Garcia-Morales, 382 F.3d 12, 17 (1st Cir. 2004); see also Kayode, 254 F.3d at 211-212; United States v. Casas, 3566 F.3d 104, 119. (1st. Cir. 2004) (joining the Fifth Circuit in "unequivocally condemn(ing)" overview testimony).

WHEREFORE, defendant respectfully requests that this Court exclude the use of summary testimony where such testimony is not (1) based on personal knowledge, or (2) presented prior to the admission of the evidence underlying the testimony.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender

_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550

                    Washington, D.C.  20004
                    (202)  208-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 05-0418(JR) |
| GREGORY HURT, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Upon consideration of Defendant's Motion To Exclude Summary Witness Testimony, and for good cause shown, it is hereby

**ORDERED** that the Motion is **GRANTED**:

_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

_____
DATE

Jonathan S. Jeffress, AFPD
Michael Atkinson, AUSA