IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 05-0418(JR) |
| ) | |
| GREGORY HURT, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT GREGORY HURT'S MOTION *IN LIMINE* TO EXCLUDE RELIANCE ON NON-REPAYMENT TO SHOW GUILTY KNOWLEDGE

Defendant, Gregory Hurt, through counsel, respectfully submits this motion *in limine* to exclude reliance on defendant's non-repayment of the $99,999.10 check in this case to show defendant's guilty knowledge. In an August 21, 2003 letter, the Department of Veteran's Affairs specifically instructed Mr. Hurt that he need not repay the check, as his veteran's benefits could simply be withheld. The government should accordingly be prohibited from introducing evidence of non-repayment.

In support of this motion, Mr. Hurt respectfully submits as follows:

1.  Mr. Hurt is charged by Indictment with one count of Theft of Government Property (18 U.S.C. § 641). The charges relate to a benefits check the Department of Veterans Affairs ("VA") issued to Mr. Hurt, a veteran, for approximately $100,000.

2.  In the indictment, the government alleges that Mr. Hurt violated 18 U.S.C. § 641 by (1) falsely claiming that he had never received previously issued checks, when in fact he had, and (2) not returning the funds and making them unavailable for immediate reclamation, after the VA notified Mr. Hurt of the error. See Indictment. This motion addresses the second of those

allegations.

3.      In a letter dated August 21, 2003, a representative of the VA stated in unequivocal language that defendant had two options for repayment of the check. The letter stated that defendant may either: (a) choose to re-pay the debt in full, or (b) have his VA disability compensation withheld until the debt was paid in full. The letter also explained that defendant need do nothing in order to exercise option (b), as the VA would automatically start withholding defendant's benefits until the debt was paid in full 30 days after the date of the letter. See Ex. 1. (letter from VA to Gregory Hurt dated August 21, 2003). Thus, in not paying back the $99,999.10 check, defendant did nothing more than rely on the letter sent to him by the VA on August 21, 2003. Defendant's benefits payments, if withheld, would have covered the debt of the erroneously issued check in slightly less than three years.

WHEREFORE, defendant respectfully requests that this Court prohibit the Government from submitting to the jury any evidence that Mr. Hurt acted wrongfully in keeping the overpayment when it was made clear to him that keeping the payment was a permissible and legal alternative.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　A.J. KRAMER
　　　　　　　　　　　　　　　　　　　　Federal Public Defender


　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　Jonathan S. Jeffress
　　　　　　　　　　　　　　　　　　　　Assistant Federal Public Defender
　　　　　　　　　　　　　　　　　　　　625 Indiana Avenue, N.W., Ste 550
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20004
　　　　　　　　　　　　　　　　　　　　(202) 208-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 05-0418(JR) |
| GREGORY HURT, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Upon consideration of Defendant's Motion In Limine To Exclude Evidence of Non-Repayment to Show Guilty Knowledge, and for good cause shown, it is hereby

**ORDERED** that the Motion is **GRANTED**:

_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE


_____
DATE

Jonathan S. Jeffress, AFPD
Michael Atkinson, AUSA