# Exhibit A

**DEPARTMENT OF VETERANS AFFAIRS**
Washington Regional Office
1722 Eye Street, NW
Washington DC 20421-1111

**DEC 19 2002**

GREGORY HURT
461 H ST NW APT 517
WASHINGTON DC 20001

In Reply Refer To: 372/21-mp-350
C 26 211 627
HURT, G

Dear Mr. Hurt:

# ATTENTION!

## What is our decision?

We are pleased to inform you that we have awarded benefits as follows:

Entitlement to an earlier effective date for grant of service connection for Post Traumatic Stress Disorder (prior January 10, 1995).

## What Is Your Entitlement Amount And Payment Start Date?

Your monthly entitlement amount is shown below:

| Monthly Entitlement Amount | Payment Start Date | Reason For Change |
|---|---|---|
| $1,213.00 | Feb 10, 1983 | Entitlement to payment of benefits from and earlier effective date. |
| 1,263.00 | Feb 1, 1984 | Your child Gregory was added to your benefit award. |
| 1,307.00 | Apr 1, 1984 | Legislative cost of living increase. |
| 1,349.00 | Dec 1, 1984 | Legislative cost of living increase. |
| 1,391.00 | Dec 1, 1985 | Legislative cost of living increase. |
| 1,412.00 | Dec 1, 1986 | Legislative cost of living increase. |
| 1,456.00 | Aug 1, 1987 | Your child Hakeem was added to your benefit award. |
| 1,515.00 | Dec 1, 1987 | Legislative cost of living increase. |
| 1,575.00 | Dec 1, 1988 | Legislative cost of living increase. |
| 1,621.00 | Nov 1, 1989 | Your child Hasani was added to your benefit award. |

VA-00020

2

C 26 211 627
Hurt, G

| | | |
|---|---|---|
| 1,697.00 | Dec 1, 1989 | Legislative cost of living increase. |
| 1,745.00 | Dec 1, 1990 | Your child Lateef was added to your benefit award. |
| 1,837.00 | Jan 1, 1991 | Legislative cost of living increase. |
| 1,887.00 | Nov 1, 1991 | Your child Malik was added to your benefit award. |
| 1,957.00 | Dec 1, 1991 | Legislative cost of living increase. |
| 2,049.00 | Mar 1, 1992 | Special temporary legislative cost of living increase. |
| 1,957.0 | Apr 1, 1992 | Restoration of benefits to the pre temporary increase rate. |
| 2,017.00 | Dec 1, 1992 | Legislative cost of living increase. |
| 2,071.00 | Oct 1, 1993 | Your child Aziza was added to your benefit award. |
| 2,121.00 | Dec 1, 1993 | Legislative cost of living increase. |
| 2,177.00 | Dec 1, 1994 | Legislative cost of living increase. |
| 2,285.00 | Feb 1, 1995 | Your spouse Edwina was added to your benefit award. |
| 2,341.00 | Jun 1, 1995 | Your child Sharifa was added to your benefit award. |
| 2,398.00 | Dec 1, 1995 | Legislative cost of living increase. |
| 2,469.00 | Dec 1, 1996 | Legislative cost of living increase. |
| 2,519.00 | Dec 1, 1997 | Legislative cost of living increase. |
| 2,546.00 | Dec 1, 1998 | Legislative cost of living increase. |
| 2,603.00 | Dec 1, 1999 | Legislative cost of living increase. |
| 2,693.00 | Dec 1, 2000 | Legislative cost of living increase. |
| 2,670.00 | Dec 1, 2001 | Legislative cost of living increase. |
| 2,696.00 | Jan 14, 2002 | Your child Gregory reaches age eighteen. |
| 2,728.00 | Dec 1, 2002 | Legislative cost of living increase. |
| 2,664.00 | Jul 18, 2005 | Your child Hakeem reaches age eighteen. |
| 2,600.00 | Oct 09, 2007 | Your child Hasani reaches age eighteen. |
| 2,536.00 | Nov 25, 2008 | Your child Lateef reaches age eighteen. |
| 2,472.00 | Oct 07, 2009 | Your child Malik reaches age eighteen. |

VA-00021

3

C 26 211 627
Hurt, G

| 2,408.00 | Sep 01, 2011 | Your child Aziza reaches age eighteen. |
| 2,318.00 | May 19, 2013 | Your child Sharifa reaches age eighteen. |

We're paying you additional benefits for your spouse, Edwina, effective 02-01-95, and your children, Gregory, Hakeem, Hasani, Lateef, Malik, Aziza and Sharifa, starting 02-01-84. However, before we can pay you additional benefits for spouse prior to 02-01-95, we the following information such as:

1. What did you agree your relationship would be at the time you began living together;
2. How long have lived together;
3. Places and dates of residence while you were living together;
4. Whether you were members of any church or organization as husband and wife;
5. Whether together you entered into any business transaction or signed any legal document, or owned any real estate. if you answered "yes" to either question 4 or 5 (or both), please furnish complete details.

Have your spouse complete the enclosed VA Form 21-4170 and have the two enclosed VA Forms 21-4171 completed by persons who have personal knowledge of your relationship

## Does this satisfy your appeal?

If you are satisfied with this decision, please complete the next page and return the Appeal Status Election in the enclosed *prepaid* envelope within 30 days from the date of this letter. If you have a service organization representative or other representative, we recommend you contact them to discuss this decision and possible resolution of your appeal.

4

C 26 211 627
Hurt, G

Your cooperation is appreciated and in no way affects your entitlement to any further claims you may have or issues you wish to remain on appeal.
Sincerely yours,

*Douglas A. Wallin*

Douglas A. Wallin
Veterans Service Center Manager

Email us at: washingtondc.query@vba.va.gov

Enclosure(s):   Appeal Status
                Business Reply Envelope
                Copy of VA Decision
                VA Form 21-4170
                VA Form 21-4171

cc:  Disabled American Veterans

# Exhibit B



**DEPARTMENT OF VETERANS AFFAIRS**
**REGIONAL OFFICE**
**1722 EYE STREET NW**
**WASHINGTON DC  20421**

2193
2318

19-Dec-02

In Reply Refer To:
26 211 627
HURT, Gregory

GREGORY HURT
461 H STREET NW
APT 517
WASHINGTON DC  20001

Shown below is an audit of your benefit payment account, reflecting only the periods shown.

| Amount Paid | | | |
|---|---|---|---|
| From | To | Rate | |
| 01-Feb-95 | 30-May-95 | $2,285.00 | $9,140.00 |
| | | Total Paid | $9,140.00 |
| Amount Due | | | |
| 10-Feb-83 | 30-Jan-84 | $1,213.00 | $14,192.10 |
| 01-Feb-84 | 30-Mar-84 | $1,263.00 | $2,526.00 |
| 01-Apr-84 | 30-Nov-84 | $1,307.00 | $10,456.00 |
| 01-Dec-84 | 30-Nov-85 | $1,349.00 | $16,188.00 |
| 01-Dec-85 | 30-Nov-86 | $1,391.00 | $16,692.00 |
| 01-Dec-86 | 30-Jul-87 | $1,412.00 | $11,296.00 |
| 01-Aug-87 | 30-Nov-87 | $1,456.00 | $5,824.00 |
| 01-Dec-87 | 30-Nov-88 | $1,515.00 | $18,180.00 |
| 01-Dec-88 | 30-Oct-89 | $1,575.00 | $17,325.00 |
| 01-Nov-89 | 30-Nov-89 | $1,621.00 | $1,621.00 |
| 01-Dec-89 | 30-Nov-90 | $1,697.00 | $20,364.00 |
| 01-Dec-90 | 30-Dec-90 | $1,745.00 | $1,745.00 |
| 01-Jan-91 | 30-Oct-91 | $1,837.00 | $18,370.00 |
| 01-Nov-91 | 30-Nov-91 | $1,887.00 | $1,887.00 |
| 01-Dec-91 | 28-Feb-92 | $1,957.00 | $5,871.00 |
| 01-Mar-92 | 30-Mar-92 | $2,049.00 | $2,049.00 |
| 01-Apr-92 | 30-Nov-92 | $1,957.00 | $15,656.00 |
| 01-Dec-92 | 30-Sep-93 | $2,017.00 | $20,170.00 |
| 01-Oct-93 | 30-Nov-93 | $2,071.00 | $4,142.00 |
| 01-Dec-93 | 30-Nov-94 | $2,121.00 | $25,452.00 |
| 01-Dec-94 | 30-Jan-95 | $2,177.00 | $4,354.00 |
| 01-Feb-95 | 30-May-95 | $2,285.00 | $9,140.00 |
| | | Total Due | $243,500.10 |
| | AMOUNT DUE | | $234,360.10 |

Sincerely Yours,

*Bruce Britton*
BRUCE BRITTON
CONTACT REPRESENTATIVE

# Exhibit C

Diana Hannah
1 @ 800-827-1000
VA

# Exhibit D



Department of Veterans Affairs Regional Office
1722 I STREET NW
WASHINGTON DC  20421

AUG 0 5 2003

In Reply Refer To: ( C# ) 26 211 627
372/24

GREGORY HURT
461 H ST NW APT 517
WASHINGTON DC  20001

Dear Mr. Hurt:

On *July 28, 2003*, we erroneously issued a check to you in the amount of $99,999.10.. This letter tells you what happened and what you need to do.

## What Happened

We issued this check by mistake, you advised us that you had not received this check, however a review of your records indicate that the sum of $99999.10 was issued to you on January 3, 2003.

## What You Need To Do

You need to immediately return the check issued on July 28, 2003 and contact BRUCE BRITTON at 202 530 9317.

We appreciate your prompt attention to this matter and apologize for any inconvenience this may have caused.  If you have any questions, please call us at 202 530 9317.

Sincerely,


*BRUCE BRITTON*
CONTACT REPRESENTATIVE
202 530 9317

# Exhibit E



DEPARTMENT OF VETERANS AFFAIRS
1722 I STREET NW
WASHINGTON DC 20421

AUG 2 1 2003    In Reply Refer To: 26 211 627

GREGORY HURT
461 H STREET NW APT 517
WASHINGTON DC  20001

Dear Mr. Hurt:

You owe us $99,999.10. This letter explains what happened, your rights and obligations, and your payment options.

## What happened

On July 28, 2003, we erroneously issued you a check in the amount of $99,999.10. The check was issued to you because you told us that you did not receive your check dated 01-03-03 in the amount of $99,999.10. We reported non receipt of your check to Treasury and have been furnished with a copy of the check indicating that you have cashed the check. A copy of the check is included with this letter along with a FMS Form 1133 to be completed.

## What are your rights and obligations

The enclosed notice explains your rights and obligations regarding this debt. If you wish to exercise any of your rights, please write to our office no later than 30 days from the date of this letter.

## What are your payment options?

You have two 1 payment options; however, all debts due the Government must be paid.

- You may choose to pay the debt in full. Please send a check or money order to the Department of Veterans Affairs. Include your VA file number on the payment and mail it to:

AGENT CASHIER
DEPARTMENT OF VETERANS AFFAIRS
1722 I STREET NW
WASHINGTON DC 20421]

- If You do not pay the debt in full your monthly VA, disability compensation payments will be withheld until the debt is paid in full.

- Automatic reduction of your benefits will begin 30 days from the date of this letter if we don't hear from you.

VA-00010

- You may ask to have your monthly VA benefits reduced by a lesser amount until the debt is paid in full. Send your request along with a completed Financial Status Report (VA Form 5655 enclosed) to the above address. We will tell you if we accept your request.

If you have questions about this letter, call Bruce Britton at 202 530 9317
Sincerely,


BRUCE BRITTON
CONTACT REPRESENTATIVE


Enclosures:
VA Form 4107
VA Form 20-5655

VA-00054

# Exhibit F

Track Shipments

Page 1 of 1



Close Window

## Track Shipments
### Detailed Results

🖶 Print

| | | | |
|---|---|---|---|
| Tracking number | 841645199090 | Delivered to | Recipient |
| Signed for by | A.JEFFERSON | Delivery location | WASHINGTON DC |
| Ship date | Aug 21, 2003 | Service type | Priority Envelope |
| Delivery date/Time | Aug 22, 2003 10:22 am | | |

| Date/Time | | Status | Location | Comments |
|---|---|---|---|---|
| Aug 22, 2003 | 10:22 am | Delivered | WASHINGTON DC | |
| | 7:20 am | Arrived at FedEx Destination Location | WASHINGTON DC | |
| | 7:19 am | Left FedEx Ramp | DULLES VA | |
| | 6:15 am | On FedEx vehicle for delivery | WASHINGTON DC | |
| Aug 21, 2003 | 10:23 pm | Left FedEx Origin Location | WASHINGTON DC | |
| | 3:47 pm | Picked up by FedEx | WASHINGTON DC | |

[Track more shipments]

Email your detailed tracking results (optional)

Enter your email, submit up to three email addresses (separated by commas), add your message (optional), and click Send email.

Add a message to this email.

From [         ]
To   [         ]

[Send email]

Close Window

9-2-2003
4:46 P.M. — Mr. Hurt called left
Message on my voice mail, requested that
I call him to schedule an appointment.
202 491 8890 BB

VA-00005

http://www.fedex.com/cgi-bin/tracking?action=track

08/22/2003

# Exhibit G

**Jury Instruction on "claim of right" based on D.C. Jury Instruction 5.03**

An essential element of the offense of theft is that the defendant had the specific intent to steal. You have heard evidence that the defendant believed that s/he had a right to take the property. If a person takes the property of another in the good faith belief that s/he has a right to take it, the specific intent element of theft is lacking. It does not matter whether the defendant actually had a right to the property. It is only necessary that s/he believed in good faith that s/he was entitled to or could legally take the property.

The government must prove beyond a reasonable doubt that the defendant did not believe in good faith that s/he had a right to take the property. If it does not do so, you must find the defendant not guilty.

Note.
Indicia of abandonment can be the basis of instruction. <u>Goddard v. United States</u>, 557 A.2d 1315, 1317 (D.C. 1989) (defendant entitled to instruction on his claim that he actually and reasonably believed motorcycle was abandoned); <u>Morissette v. United States</u>, 342 U.S. 246 (1952) (defendant honestly beleived government property to have been abandoned).

## THEFT OF GOVERNMENT PROPERTY - Essential Elements

In order for the defendant to be found guilty of theft of government property, the government must prove each of the following elements beyond a reasonable doubt:

First, that the money had a value of more than $1000.

Second, that the money belonged to the United States.

Third, that the defendant stole the money knowing that it was not his and with the intent to deprive the owner of the use or benefit of the money.

The government may prove theft of government property in two ways. First, the government may prove theft through stealing. Stealing means the unlawful taking of property with the intent to deprive the owner of the property of its benefits and use. Second, the government may prove theft through knowing conversion. Theft by knowing conversion occurs when someone inappropriately takes property lawfully within his possession and uses it for his own or another's use with the intent to deprive the owner of the rights, benefits, and use of the property.

If you are convinced beyond a reasonable doubt that Gregory Hurt obtained a Veterans Administration disability check through false pretenses or deception you may convict him of theft of government property by stealing. A "false pretense" is a false representation of a past or existing fact, which the defendant knows is false, and on which the owner relies in making his decision to give up his property to another. "Deception" is any act or communication made by the defendant which he knows to be untrue or false, and on which the owner relies in making his decision to give up his property to another.

If you are not convinced beyond a reasonable doubt that Gregory Hurt defrauded the Veterans Administration in this way, however, you may only convict him of theft of government property if you are convinced beyond a reasonable doubt that Mr. Hurt knew he was not entitled to the money he received and that he acted with the specific intent to deprive the government of the use of its money. Conversely, if you believe that Mr. Hurt was unsure about the true ownership of the money, or if you believe that he did not act to deprive the government of its interest in the money, you must acquit him of the crime of theft of government property.