IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 05-0418 (JR) |
| GREGORY HURT, | ) ) | Oral Argument Requested |
| Defendant. | ) ) ) | |

### DEFENDANT GREGORY HURT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL

Defendant, Gregory Hurt, through undersigned counsel, hereby respectfully submits this Reply to the Government's Opposition to Mr. Hurt's Motion for a New Trial.[1]

The government's Opposition ignores the well-established legal fact that a defendant is entitled to a theory of defense instruction whenever there is *any* evidence to support it, whether that evidence is admitted during the government's case, the defense case (if any), or both. Here, contrary to this established authority, the Court refused to give Mr. Hurt's requested instruction on claim of right. That instruction would have informed the jury that, inter alia, it must acquit Mr. Hurt if "he believed in good faith that he was entitled to or could legally [accept]" the $99,999.10 check sent to him by the Veterans' Administration ("VA") on or about July 31, 2003.

As set forth below, there is simply no question that evidence was admitted at trial supporting Mr. Hurt's good faith belief that he was entitled to the $99,999.10 check sent to him

---

[1] This Reply is being submitted outside of the normal time limit for reply briefs because undersigned counsel has now been provided with the trial transcripts and has had time to review them. The transcripts were not available at the time Mr. Hurt submitted his initial motion. This matter is scheduled for sentencing on **December 4, 2006**.

on or about July 31, 2003. Accordingly, the Court erred when it failed to give the requested theory of defense instruction in this case. The Court should therefore grant Mr. Hurt's Motion and order a new trial in this case.

## DISCUSSION

**A.     The Government's Opposition Misstates the Evidentiary Bases For the Requested Claim of Right Instruction.**

The analysis of whether a defendant should receive a requested theory of defense instruction "start[s] with the proposition that the defendant in a criminal case is entitled to have the jury consider any theory of the defense **which is supported by law and which has some foundation in the evidence, however tenuous**." United States v. Grimes, 413 F.2d 1376, 1378 (7th Cir. 1969) (emphasis added). "The general principle is well established that a criminal defendant is entitled to have a jury instruction on any defense which provides a legal defense to the charge against him **'even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.'**" United States v. Escobar de Bright, 742 F.2d 1196, 1198 (9th Cir. 1984) (emphasis added) (quoting United States v. Sialaff, 615 F.2d 402, 403 (7th Cir. 1979)).

"'Trial judges should be liberal in permitting the defendant's theory of defense to be explained to the jury, since such an instruction is a legitimate response to the indictment which is usually read with the instructions . . .'" United States v. Priekson, 658 F.2d 631, 636 n. 5 (8th Cir. 1981) (reversing and remanding for new trial where court refused to instruct on defendant's timely requested theory of defense) (quoting United States v. Brown, 540 F.2d 364, 381 (8th Cir. 1976)). The courts "have emphasized that failure to give such a requested instruction is reversible error." Escobar, 742 F.2d at 1198 (emphasis in original).

Contrary to the government's assertions, there is simply no question that the evidence in the present case raised a jury question as to whether Mr. Hurt believed he was legally entitled to the money the VA sent to him on or about July 31, 2003. The evidence was sufficient to raise the issue of Mr. Hurt's claim of right to the money in at least the following two ways:

> **1.    The Requested Claim of Right Instruction Should Have Been Given Based on Mr. Hurt's Documented Claim to Spousal Benefits.**

Most importantly, it was undisputed at trial that throughout Mr. Hurt's several visits to the VA, including the pivotal visits on or about July 17 and July 23, Mr. Hurt told VA employee Diana Hannah (as well as other VA employees) that he was seeking increased compensation for his wife based on the VA's December 19, 2002 letter. See Tr. 139, Ln. 17 (testimony from Diana Hannah that defendant was seeking increased spousal benefits); Tr. 143, Ln. 6-8 ("Q: Did you discuss – you testified that you did discuss Mr. Hurt's issue about his spouse. A: Yes, sir."). The government's Opposition argues that this fact alone did not provide the jury with enough to infer that Mr. Hurt believed he had a right to keep the $99,999.10, and that the Court therefore appropriately denied defendant's instruction. See Gov. Opp. at 5.

The government's Opposition completely ignores additional key evidence in this case underlying Mr. Hurt's right to the requested instruction. First, in response to Mr. Hurt's inquiries, Diana Hannah instructed him on how to file his claim for the increased benefits, which was to bring the paperwork to her. See Tr. 146, Ln. 12-18 (Diana Hannah testifies that on July 17, 2003, "I informed Mr. Hurt that he needed to give us the information about his spouse prior to the year of '85, and he said okay. And I told him that it takes 7-10 work days for us to process all the documents, and we'll send it to finance, and he needed to bring that information in").

Second, Mr. Hurt followed her instructions. See Tr. 149, Ln. 13-17 ("Q: What happened when Mr. Hurt returned to the VA to see you on July 24, 2003? A: He came back, he brought the documents stating about his wife, the documentation the VA needed saying that they were common law wed back to that beginning date for VA purposes"). Then, on or about July 31, 2003, Mr. Hurt received a check for $99,999.10. And finally, the check did not say what it was for. See Tr. 181, Ln. 2 (Ms. Hannah testifies that a check just comes in the mail – check does not specify what it is for).

    Because there was ample evidence (indeed, it was undisputed) that: (1) Mr. Hurt was seeking increased spousal benefits; (2) Ms. Hannah explained how to get those benefits; (3) Mr. Hurt followed her instructions and brought in the requisite paperwork; and (4) Mr. Hurt then received a check, which (5) did not state what it was for, it was entirely possible that Mr. Hurt had a good faith belief that the check he received on July 31, 2003 was sent as compensation for his wife, and therefore was rightfully his. More to the point, there was easily sufficient evidence in the record to support Mr. Hurt's requested theory of defense instruction that if Mr. Hurt believed he was entitled to the money he received on or about July 31, 2003, the jury must acquit him of theft of government property.

    **2.    The Requested Instruction Should Have Been Given Based on the VA's August 21, 2003 Letter Informing Mr. Hurt He Could Keep the Money.**

    The requested defense instruction on claim of right was also supported by the testimony of VA employee Bruce Britton, as well as the letter Mr. Britton sent to Mr. Hurt on or about August 21, 2003 informing Mr. Hurt he could keep the $99,999.10 check. See Tr. 282, Ln. 8-25 (Britton testifies as to the letter he sent to Mr. Hurt informing him that he had a debt and gave

him two payment options for the check: he could return the money <u>or he could keep the money</u> and the government would garner his future payments until the debt was paid). Since the VA expressly told Mr. Hurt in its August 21, 2003 letter that he could keep the money, Mr. Hurt was clearly entitled to the requested claim of right instruction.

* * *

Thus, under not one but two theories of defense, each solidly grounded in the evidence, the defense was entitled to the requested claim of right instruction. With that instruction, the jury would have been informed that if Mr. Hurt had a good faith belief that he was legally entitled to the $99,999.10, than the jury must acquit him of the charge of Theft of Government Property.

**B.      The Government Erroneously States that the Evidence Supporting a Claim of Right Instruction Must Have Been Presented During a Defense Case.**

The government's Opposition points to the fact that Mr. Hurt did not present a defense case. That is an utter red-herring. Mr. Hurt's exercise of his constitutional right not to present a formal case is <u>irrelevant</u> to whether Mr. Hurt was entitled to the requested instruction. It is well-established that a defendant need not present evidence if the government's evidence is sufficient to permit a jury finding of a relevant legal defense. <u>See, e.g.</u>, <u>Johnson v. United States</u>, 317 F.2d 127 (D.C. Cir. 1963) (recognizing that defense of entrapment may be raised following the government's case); <u>see also</u> <u>United States v. Prieskorn</u>, 658 F.2d 631 (8th Cir. 1981) ("<u>The defendant need not testify nor offer any evidence or witnesses as a prerequisite to the trial court instructing as to the theory of defense. The foundation of the theory may rest upon evidence elicited from government witnesses either on direct or cross examination</u>") (emphasis added); <u>United States v. Demma</u>, 523 F.2d 981, 982 (9th. Cir. 1975) (recognizing that testimony from

5

government witnesses may provide grounds for defendant's legal defense).

Here, Mr. Hurt presented no formal defense case. However, as set forth above, Mr. Hurt benefitted from various sources of favorable evidence that were introduced in the government's case in chief. Mr. Hurt did not need to rely on the testimony of defense witnesses to merit his theory of defense instruction, as the record already included ample evidence supporting the instruction when the government rested.

## **CONCLUSION**

WHEREFORE, for the above stated reasons and any others the Court deems just and proper, defendant Gregory Hurt respectfully requests that this Court grant his motion for new trial.

> Respectfully submitted,
> A.J. KRAMER
> Federal Public Defender
>
>
> _____/s/_____
> Jonathan S. Jeffress
> Assistant Federal Public Defender
> 625 Indiana Avenue, N.W., Ste 550
> Washington, D.C. 20004
> (202) 208-7500, ex. 134